UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------

UNITED STATES OF AMERICA,

-v-

BEKIM FISEKU,

                  Defendant.

15 Cr. 384-1 (PAE)

ORDER

------------------------------------------------------------

PAUL A. ENGELMAYER, District Judge:

       The Court has received the attached letter from defendant Bekim Fiseku, seeking reconsideration of the Court's recent order, of December 28, 2020, denying compassionate release. *See* Dkt. 130. Notwithstanding Mr. Fiseku's forceful arguments, the factors that led the Court to deny compassionate release—including the need for just punishment, specific deterrence, and protection of the public—continue, in the Court's considered judgment, to counsel against release at this time. The Court accordingly denies the application for compassionate release.

       SO ORDERED.

                                                             PAUL A. ENGELMAYER
                                                              United States District Judge

Dated: February 18, 2021
       New York, New York

**15-CR-384-01**          **D&F**

HONORABLE PAUL A. ENGELMAYER          15Cr.384-1

United States of America          1/19/2021
v.
BEKIM FISEKU, ProSe

Motion for Reconsideration for Compassionate Release Denial

   Since we are on total lockdown due to an outbreak at FCI Schuylkill of covid-19, we do not have any access to the law library so please construe this motion liberaly.

   I would like to start by thanking your Honor for the Opinion and Order Decision.

   I am asking for reconsideration due to the new highly transmissable varient strain of the covid-19 virus, the longterm effects after recovery of covid-19 and the toll the continued lockdown is having on my mental Health.

   This new varient strain has finally made it to the United States and has been detected in N.Y., Colorado, California and now PA according to NPR radio 1/7/21. It is spreading just like Covid-19 did in the early days of the pandemic. Only this new strain is 70% more contagious than covid-19.

(1)

studies are being done whether this new strain is more deadly or if the vaccine will be effective against it.

Even if I contract covid-19 and recover, a new study by the Medical Journal Alzheimers and Dementia show that people are having long term effects (also called Long Haulers) because long after they recover there is long lasting damage caused by covid-19 including forgetfullness, Blood Clots, Brain Damage, Brain Impairments, Loss of Memory and Thinking functions, accelerated Heartrates, Tiny strokes in the Brain and an earlier onset of Alzheimers. Medical Journal Alzheimers and Dementia 1/5/21.

The continued torturous on again, off again lockdowns are also affecting my mental health. For 10 months we have been going through false alarms, different levels of restrictions for showers, phone calls, meals and commissary making it very challenging just to complete 1 day of incarceration let alone over 300 days and counting. And now after 10 months of worrying whether covid is here or not there finally is a confirmed outbreak right next door and throughout the compound, making covid-19 seem like the boogie man working its way all around the prison.

for all intense and purposes what these last 10 months have been is hole (segregation) time. We are being punished for our safety. These last 10 months have been more stressfull than all my previous sentences combined. I consider myself a strong person as a whole but the constant anxiousness, worrying and emotional rollercoaster is inhumane and is creating sadness and hopelessness. As if on cue this morning 1/16/21 the officer slid a memo under the cell door from the Director of the Bureau of Prisons M.D. Carvajal stating in sum and subsance "that because of current national events we will be secured in our cells indefenitly while the B.O.P continues to monitor events carefully and will adjust operations as the situation continues to evolve"

Your Honor emphasized that the criminal history underlying the career-offender enhancement not the applicable Guidelines range was ultimately much **more** important to your Honor than the guidelines treatment of that history. Citing my prior convictions, the substantive Conspiracy to Commit Hobbs Act Robbery, the need for a longer sentence than I previously served and the fact 5½ yrs ago your Honor stated at sentencing that you would have imposed the same sentence regardless of whether career offender applied.

③

Citing all of my aggravating factors based on my criminal history and the conspiracy to commit Hobbs Act robbery as factors under 3553(a) to disfavor release - and the court states that it has not been given any reason for confidence that if released today Fiseku would not return to violent crime.

As a result, the court only mentions in passing all of the 3553(a) factors that mitigate immediate release, by not adequately taking into account other factors and accomplishments to alleviate the courts concerns. Taken together those factors and accomplishments provide a counterbalance that outweighs the courts 3553(a) factors that disfavor release. Those mitigating factors are:

- That the conspiracy to commit hobbs act robbery was abandond, only to be arrested and charged 9 months after the police encounter that did not result in an arrest.

- The affidavit I provided the court under penalty of perjury exposing myself to yrs in prison for lying. I reitterate that pledge never to commit another crime so help me GOD.

④

- The severity of the restrictive conditions of confinement causing long lasting debilitating mental and physical deterioration that will effect me for the rest of my life is beyond what could have been expected at the time of sentencing.

- My exemplary prison record without any infractions or disciplinary reports and employment throughout incarceration when compared to previous incarceration record proves I am commited to change and that I am not the same person your Honor sentenced 5 1/2 yrs ago.

- I have employment and support waiting to help in all aspects of release. Patrick J. Marmo who has become very successful with 5 funeral homes has a "job, a place to reside if I need it, financial help and vouch for me" to help me succeed.

- The Court notes that it does not minimize the toll exacted by the prolonged seperation and, the restrictive conditions are having on my family, but because many incarcerated persons are experiencing similar circumstances and constraints the Court is minimizing the toll not seeing your kids for almost a year at such a young age (6 and 5 before the pandemic, now 7 and 6) is having on their relationship with me.

⑤

Not being able to call for weeks at a time without warning, causing stress and worrying to us and our family's because of the BOP's decisions to lockdown for weeks at a time because of pandemic false alarms and now an outbreak alarm, then the summer riots caused another lockdown and now the riots at the capitol causing a sudden lockdown all over again. The fact that my mother and ex-wife and kids are facing financial ruin like a majority of the nation is, and the majority of inmates' families are, is unique and especially in need of my presence and support.

- The Court cites my criminal history, public protection, specific deterrance, a sentence longer than any previously served and the fact that the court would have imposed the same sentence regardless of whether I was a career offender or not, as reasons to deny compassionate Release or a reduction of sentence. These reasons were understandibly made 5½ yrs ago and do not reflect who I am today and who I have become. The court states that my reasons for release and my capacity to be rehabilitated are asserted and fall short of extraordinary and compelling reasons.

The court commends my use of time in prison productively which the court says is not unusual. How else can I show the court that my rehabilitation is not asserted but backed by the record, actions and deeds. For the first time in all my previous sentences I have not recieved any incident or disciplinary reports because of a concerted effort for change. I never went to college until now. I never took so many drug courses, educational courses and excercise courses until now. I never kept a job this long before. I accomplished all these things before knowing that I had a chance at going home early because of a genuine decision to change for myself, my boys and my mom. These accomplishments are not only commendable but are evidence of post sentencing rehabilitation and highly relevant to several of the 3553(a) factors Pepper v United States 562 US 476, 491 (2011). These rehabilitation efforts and mitigating factors combined with the continued harsh conditions of confinement, looming financial ruin to my family are far beyond what could of been expected by the court at the time of sentencing.

In less than 1 yr. the world has changed profoundly from Corona virus, the protests that swept accross the country during the summer and to start the yr the capitol riots. This past 12 months has felt like an eternity in this 6x9 cell. I shudder at the thought of what the next 18 months looks like and what may befall my boys, my mom and what another 18 months of "Modified Inmate Movement" will do to me.

It is why I am asking for empathy from the court for reconsideration for compassionate release or a reduction of sentence pursuant to 18 U.S.C 3582(c)(1)(A)(i).

If it pleases the court, I can finish my final 18 months of Home Confinement under any restrictive conditions the court feels appropriate for release.

Sincerly + Respectfully
Bekim Fiseku



Bekim Eseku-590 80053
Federal Correctional Institution Schuylkill
P.O. Box 759
Minersville, PA 17954-0759

Mailed from
Federal Correctional Institution
Schuylkill, PA

U.S. POSTAGE PAID
FCM LETTER
MINERSVILLE, PA
17954
JAN 20, 21
AMOUNT
$0.00
R2305K141057-10

To The Honorable Paul A. Engelmayer
United States District Judge
United States District Courthouse
40 Foley Square
New York, N.Y. 10007

CERTIFIED MAIL
7019 1640 0000 3459 1419