MOSKOWITZ COLSON
GINSBERG SCHULMAN

Moskowitz Colson
Ginsberg & Schulman LLP

80 Broad Street, Suite 1900
New York, NY 10004

(212) 257-6455
www.mcgsllp.com

August 5, 2025

By ECF

Honorable Paul A. Engelmayer
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

Re:    *United States v. Bekim Fiseku,* **15 Cr. 384 (PAE)**

Dear Judge Engelmayer,

On July 16, 2025, following an evidentiary hearing, the Court found Mr. Fiseku guilty by a preponderance of the evidence of five violations of supervised release charged in the Amended Violation Report: (1) criminally negligent homicide, in violation of N.Y. Penal Law 125.10 (Count One); (2) attempted burglary in the third degree, in violation of N.Y. Penal Law 110.20 (Count Two); (3) possession of burglar's tools, in violation of N.Y. Penal Law 140.35 (Count Three); (4) leaving the judicial district without permission of probation or the Court (Count Five); and (5) murder in the second degree, in violation of N.Y. Penal Law 125.25(3) (Count Eight). Mr. Fiseku is scheduled to be sentenced on August 13, 2025. The advisory sentencing guidelines are 33 to 41 months on Counts One and Eight, 21 to 27 months on Count Two, and 8 to 14 months on Counts Three and Five. The statutory maximum sentence is two years.

A one-year sentence is "sufficient but not greater than necessary" to satisfy the goals of sentencing under 18 U.S.C. § 3553. As the Court knows, Mr. Fiseku is facing related charges in Queens Supreme Court, stemming from the same conduct that was at issue in the violation hearing. If he is convicted of those offenses, he will serve considerable time in state prison. One of the state charges Mr. Fiseku faces is Murder in the Second Degree. Murder in the Second Degree carries a minimum sentence of 15 years to life and a maximum sentence of 25 years to life. N.Y. Penal Law § 70. The instant violations are serious, and the Court has already signaled that it may impose a substantial sentence. Imposing the statutory maximum sentence would be excessive given the lengthy term of incarceration Mr. Fiseku is likely to serve in state prison.

Mr. Fiseku's conduct on supervised release is also relevant to the Court's assessment. Prior to committing the instant violations, Mr. Fiseku completed two years of a three-year term of supervised release, during which he maintained a positive relationship with his family and

found and maintained employment at a funeral home. His probation officer visited the funeral home on multiple occasions and spoke with his employer, who gave him highly positive reviews.

Finally, it would be unfair for the government to argue that Mr. Fiseku has failed to accept responsibility for his violations. Mr. Fiseku cannot comment on his conduct without compromising his state case or infringing on his Fifth Amendment right to silence. That said, he intends to tell the Court at sentencing about his deeply felt sorrow for Ms. Servedio's family and the profound loss they have endured.

Thank you for your consideration.

Respectfully submitted,

/s/

Deborah Colson
*Attorney for Bekim Fiseku*


cc:    Government Counsel
       U.S. Probation Department